IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN RUSSO, )
      Plaintiff, )
)
v. ) No. 03C 3045
)
EXPERIAN INFORMATION SOLUTIONS, )
)
NATIONAL RECOVERY AGENCY, )
)
      Defendants. )

JUDGE KENNELLY
MAGISTRATE SIDNEY I. SCHENKIER

## COMPLAINT

### I. Preliminary Statement

1. This is an action for damages brought by an individual consumer against the defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended,*.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III. Parties

3. Plaintiff, JOHN RUSSO, is an adult individual and citizen of the state of California.

4. Defendant, EXPERIAN INFORMATION SOLUTIONS, is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois.

5.      Defendant, NATIONAL RECOVERY AGENCY, is a business entity that regularly conducts business in all cities and counties in the United States, and is a corporation whose principal place of business is Harrisburg, Pennsylvania.

## COUNT ONE
## VIOLATIONS OF FCRA v. EXPERIAN INFORMATION SOLUTIONS

6.      Defendant has been reporting derogatory and inaccurate statements and information relating to plaintiff and plaintiff's credit history to third parties (hereafter the "inaccurate information").

7.      The inaccurate information of which Plaintiff complains is an account, or trade-line, named National Recovery Agency. Specifically, the plaintiff asserts that the account does not belong to him but rather another John Russo with a different address and social security number. However, the defendant has disseminated credit reports and/or information that the account belongs to Plaintiff.

8.      The inaccurate information negatively reflects upon the plaintiff, plaintiff's credit repayment history, plaintiff's financial responsibility as a debtor and plaintiff's credit worthiness.

9.      The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

10.     In March of 2003, Plaintiff disputed the inaccurate information with the defendant by electronic communication to their representatives and by following defendant's established procedure for disputing consumer credit information.

11.     Notwithstanding plaintiff's efforts, defendant sent plaintiff correspondence indicating their intent to continue publishing the inaccurate information and defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

2

12. Despite plaintiff's efforts to date, defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the plaintiff.

13. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Denial of credit at a lower interest rate by Partner's Federal Credit Union;

   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown.

   d. Decreased credit score which may result in inability to obtain credit on future attempts.

14. At all times pertinent hereto, defendant was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the defendant herein.

15. At all times pertinent hereto, the conduct of the defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the plaintiff herein.

16. At all times pertinent hereto, defendant was a "persons" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

17. At all times pertinent hereto, the plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

18. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

19. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, defendant is liable to the plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the plaintiff, in violation of 15 U.S.C. §1681i(a);

(b) willfully and negligently failing to provide all relevant information provided by the plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(c) willfully and negligently failing to review and consider all relevant information submitted by the plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(d) willfully and negligently failing to delete the inaccurate information from plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(e) willfully and negligently failing to note the plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(f) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

20. The conduct of defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to the plaintiff that are outlined more fully above and, as a result, defendant is liable to the plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO
## DEFAMATION v. EXPERIAN INFORMATION SOLUTIONS

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant has published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belong to the plaintiff.

23. Defendant has published these statements each time a credit report on the plaintiff has been requested from any creditor, prospective credit grantors furnisher or other source.

24. The statements made by defendant are false in that they inaccurately reflect plaintiff's credit information and debt repayment history, and paint plaintiff as financially irresponsible and delinquent.

25. Defendant published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested plaintiff's credit report.

26. After Plaintiff disputed this information directly to defendant and provided defendant with the actual facts, defendant knew that the statements were false, and had no factual basis for continuing to make the statements.

27. Nonetheless, defendant continues to publish the false and negative statements concerning the plaintiff's credit history up through the present time.

5

28. The written statements and publications constitute libel per se.

29. In addition, and despite the repeated notices from plaintiff, defendant has acted with malice by failing to communicate the information provided to them by plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the plaintiff.

30. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the plaintiff that are outlined more fully above and, as a result, defendant is liable to compensate the plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

### COUNT THREE
### VIOLATIONS OF FCRA v. NATIONAL RECOVERY AGENCY

31. Re-alleges and incorporates paragraphs 1 – 30 as if fully set forth herein.

32. At all times pertinent hereto, this defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

33. This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s(2)(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed upon receiving notice of the dispute of the consumer from the aforesaid credit reporting agency;

(b) willfully and negligently failing to review all relevant information concerning plaintiff's account provided to this defendant by the aforesaid credit reporting agency;

6

(c)     willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(d)     willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiff;

(e)     willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

(f)     willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2;

34.     This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to the plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## VI.     JURY TRIAL DEMAND

35.     Plaintiff demands trial by jury on all issues so triable.

## VII.     PRAYER FOR RELIEF

WHEREFORE, plaintiff seeks judgment in plaintiff's favor and damages against the defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, 1681o.

(e) An order directing that defendant immediately delete all of the inaccurate information from plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f) An order directing that defendant send to all persons and entities to whom they have reported plaintiff's inaccurate information within the last three years plaintiff's updated and corrected credit report information; and

(g) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,
**JOHN RUSSO**

By: *[signature]*
Attorney for Plaintiff

Krohn & Moss, Ltd.
Attorneys For Plaintiff
120 W. Madison St., 10th Floor
Chicago, IL 60602
Ph. (312) 578-9428
Fax. (312) 896-7415

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

DOCKETED
MAY - 7 2003

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

| | |
|---|---|
| **Plaintiff(s):** JOHN RUSSO | **Defendant(s):** EXPERIAN INFORMATION SOLUTIONS and NATIONAL RECOVERY AGENCY |
| County of Residence: | County of Residence: |
| Plaintiff's Atty: Melanie C. Leonard<br>Krohn & Moss, Ltd.<br>120 W. Madison St., Suite 1001<br>Chicago, IL 60602 | Defendant's Atty: |

03C 3045

JUDGE KENNELLY
MAGISTRATE SIDNEY I. SCHENKIER

| | |
|---|---|
| II. Basis of Jurisdiction: | 3. Federal Question (U.S. not a party) |
| III. Citizenship of Principal Parties (Diversity Cases Only)<br>Plaintiff:- N/A<br>Defendant:- N/A | |
| IV. Origin : | 1. Original Proceeding |
| V. Nature of Suit: | 890 Other Statutory Actions |
| VI. Cause of Action: | Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., as amended. |
| VII. Requested in Complaint<br>Class Action: **No**<br>Dollar Demand:<br>Jury Demand: **Yes** | |

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: *Melanie Leonard*
Date: 5/6/03

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size**



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY - 7 2003

In the Matter of

JOHN RUSSO
v.
EXPERIAN INFORMATION SOLUTIONS and
NATIONAL RECOVERY AGENCY

Case Number: 03C 3045

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

JOHN RUSSO

JUDGE KENNELLY
MAGISTRATE SIDNEY I. SCHENKIER

| (A) | (B) |
|---|---|
| SIGNATURE: /s/ | SIGNATURE: /s/ |
| NAME: Larry P. Smith | NAME: David M. Marco |
| FIRM: Krohn & Moss, Ltd. | FIRM: Krohn & Moss, Ltd. |
| STREET ADDRESS: 120 W. Madison St., Suite 1001 | STREET ADDRESS: 120 W. Madison St., Suite 1001 |
| CITY/STATE/ZIP: Chicago, IL 60602 | CITY/STATE/ZIP: Chicago, IL 60602 |
| TELEPHONE NUMBER: (312)578-9428  FAX NUMBER: (312)896-7415 | TELEPHONE NUMBER: (312)578-9428  FAX NUMBER: (312)896-7415 |
| E-MAIL ADDRESS: lsmith@consumerlawcenter.com | E-MAIL ADDRESS: dmarco@consumerlawcenter.com |
| IDENTIFICATION NUMBER: 6217162 | IDENTIFICATION NUMBER: 6273315 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☑ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☑ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☑ |

| (C) | (D) |
|---|---|
| SIGNATURE: /s/ | SIGNATURE: |
| NAME: Melanie C. Leonard | NAME: |
| FIRM: Krohn & Moss, Ltd. | FIRM: |
| STREET ADDRESS: 120 W. Madison St., Suite 1001 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60602 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312)578-9428  FAX NUMBER: (312)896-7415 | TELEPHONE NUMBER:  FAX NUMBER: |
| E-MAIL ADDRESS: mleonard@consumerlawcenter.com | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 6277883 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ☑ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☑ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☑ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |